IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN REGIONAL DETENTION FACILITY, SUSAN MESSERLY, BUREAU OF INDIAN AFFAIRS REGIONAL DIRECTOR, and JOHN AND JANE DOES,<br><br>    Defendants. | CV-20-00142-B-SPW<br><br><br>ORDER |

Plaintiff James Morrison has filed a Complaint alleging various constitutional violations against Defendants regarding his incarceration. (Doc. 2). By Order of May 14, Morrison was directed to file the account statements that the Court requires to analyze his motion to proceed in forma pauperis. (Doc. 5.) The Court's mail to Morrison address of record was returned as undeliverable, and the Clerk of Court forwarded the mail on June 4, 2021 to Morrison's address of record in another case. This time, the mail was not returned undeliverable. Morrison has not filed the required documents or notified the Court in this case of his updated address. Plaintiff was advised that failure to comply with orders or update his address with the Court may result in dismissal of this action.

Based upon Morrison's repeated failure to comply with the Court's Orders, this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case has been pending for over nine months without getting out of the starting gates, which does not bode well for its efficient resolution. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . .." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to

determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Morrison refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

    The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this matter, so it weighs against dismissal.

    The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Morrison has been specifically advised that his failure to comply could result in dismissal for failure to comply with a court order. Morrison did not respond. The Court can envision no further alternatives to dismissal.

    The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the three factors favoring

dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to deny all pending motions as moot, close this matter, and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this 20th day of July, 2021.

                                */s/ Susan P. Watters*
                                Susan P. Watters, District Judge
                                United States District Court